UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| BRENDA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-cv-04190-SLD-RLH |
| | ) | |
| DAVID L. VANCIL, JR., HEIDI A. | ) | |
| BENSON, WILLIAM E. PONCIN, ERIC G. | ) | |
| ICENOGLE, DENNIS G. WOODWORTH, | ) | |
| JAMES R. STANDARD, JEFF M. | ) | |
| O'BRIEN, RODNEY G. CLARK, JAMES | ) | |
| G. BABER, JERRY J. HOOKER, SANDRA | ) | |
| D. GALLANT JONES, JOSEPH N. VAN | ) | |
| VOOREN, KIRK W. LAUDEMAN, | ) | |
| TALMADGE G. BRENNER, and JOHN C. | ) | |
| WOOLEYHAN, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Before the Court is Plaintiff Brenda Brown's Emergency Motion to Vacate Orders, Dismiss for Lack of Subject Matter Jurisdiction, and Transfer Venue Due to Fraud Upon the Court, ECF No. 112. The Court STRIKES Brown's motion because it is procedurally improper. Even if the Court were to consider the merits, it would DENY the motion as substantively groundless.

**BACKGROUND**

For the purposes of this order, the Court assumes familiarity with the facts of this case. A comprehensive description of the factual background can be found in the Court's previous order staying the case. *See* Sep. 24, 2024 Order 3–10, ECF No. 100. To briefly summarize, Brown brings this case to recover for alleged impropriety in her divorce proceeding in Illinois state court (the "Divorce Proceeding"). The alleged impropriety includes ex parte communications with the

1

judges in her case, a conspiracy between Brown's own counsel and counsel for her husband to deprive Brown of assets, and fraud by the judges in her case in the form of wrongly applying the law and overlooking criminal conduct by attorneys and judicial actors.

On September 24, 2024, the Court dismissed some of Brown's claims and stayed the remainder "pending resolution of Brown's state court case." Sep. 24, 2024 Order 2. Since then, the Court has directed Brown to file regular status reports discussing the status of her Divorce Proceeding. *See, e.g.*, June 18, 2025 Text Order. The Court has stricken previous motions that do more than provide a status report regarding the Divorce Proceeding. *See* Jan. 4, 2025 Text Order.

Brown has a second case pending before the Court. *See Brown v. Auto Owners Ins. Co.*, No. 4:24-cv-04131-SLD-RLH. In that case, Brown seeks recovery from Auto-Owners Insurance Company ("Auto-Owners") for breaching an insurance contract by failing to provide coverage for certain property damage. *See* Not. Removal 1–2, *Brown v. Auto Owners Ins. Co.*, No. 4:24-cv-04131-SLD-RLH (C.D. Ill. July 22, 2024), ECF No. 1; Compl. 2–4, *Brown v. Auto Owners Ins. Co.*, No. 4:24-cv-04131-SLD-RLH (C.D. Ill. July 22, 2024), ECF No. 1-1. On April 30, 2025, the Court stayed the case pending the completion of an appraisal process. *See* April 30, 2025 Text Order, *Brown v. Auto Owners Ins. Co.*, No. 4:24-cv-04131-SLD-RLH (C.D. Ill. Apr. 30, 2025). In January of 2026, Brown's attorney in that case, Christina Phillips, sought to withdraw as counsel. *See* Mot. Withdraw, *Brown v. Auto Owners Ins. Co.*, No. 4:24-cv-04131-SLD-RLH (C.D. Ill. Jan. 2, 2026), ECF No. 26. In response, Brown filed a 141-page document (exclusive of exhibits) entitled "Investigative Reports and Plaintiff's Response to Christina Phillips' Motion to Withdraw as Counsel of Record," *Brown v. Auto Owners Ins. Co.*, No. 4:24-cv-04131-SLD-RLH (C.D. Ill. Jan. 13, 2026), ECF No. 28. Magistrate Judge Hanna struck this

filing as improperly filed because (a) Brown "filed the response on her own behalf when she was still represented by counsel," (b) the response "far exceeds the substance of the motion to which it responds," (c) "the relief [B]rown seeks appears to arise, in part, from her divorce proceedings in state court," and (d) Brown's request for judicial recusal "can only be made upon a proper motion." Jan. 23, 2026 Text Order, *Brown v. Auto Owners Ins. Co.*, No. 4:24-cv-04131-SLD-RLH (C.D. Ill. Jan. 23, 2026). One month after Judge Hanna struck Brown's response, she filed an Emergency Motion to Vacate Orders, Dismiss for Lack of Subject Matter Jurisdiction, and Transfer Venue Due to Fraud Upon the Court. *See* Emergency Mot., *Brown v. Auto Owners Ins. Co.*, No. 4:24-cv-04131-SLD-RLH (C.D. Ill. Feb. 23, 2026), ECF No. 31. That motion is materially identical to the emergency motion filed in this case.

With the instant motion, Brown continues her purported crusade against judicial misconduct by seeking dismissal or transfer of the case to a different venue because the judges assigned to this case committed similar misconduct to and are participating in the same criminal conspiracy as the judges and attorneys in Illinois state court. *See* Emergency Mot. 39. She also asks the Court to vacate all previous orders. *Id.* The facts underlying her conclusion are wide-ranging, but central to Brown's motion is Judge Hanna's allegedly fraudulent decision to strike her response in her case against Auto-Owners. *See, e.g.*, Emergency Mot. 2, 5–6, 18, 20–22, 24, 31–32, 35–36.

Two responses were filed to Brown's motion. Defendants Dennis G. Woodworth and Joseph Van Vooren[1] ask the Court to strike the motion for failure to comply with the page limit for motions set by Civil Local Rule 7.1(B)(4)(a). Resp. Woodworth & Van Vooren 2, ECF No.

---

[1] Woodworth and Van Vooren note that the Court has already dismissed all claims against them, but they submit a response "because Plaintiff's recently filed Emergency Motion (ECF No. 112) seeks to vacate and declare void all prior orders of this Court, including the Order dismissing these Defendants." Resp. Woodworth & Van Vooren 1, ECF No. 113.

3

113.  Defendant Eric Icenogle also asks the Court to strike Brown's motion both because it exceeds the page count set by the local rules and because the case is stayed.  *See generally* Resp. Icenogle, ECF No. 115.  Brown filed a 44-page reply to Icenogle's response, though she did not request leave of the Court.  *See generally* Reply, ECF No. 117; Civil LR 7.1(B)(3) ("A reply to the response is only permitted with leave of Court.").

## DISCUSSION

It is appropriate to strike Brown's motion because it is procedurally improper.  First, it exceeds the page count permitted by the local rules.  Civil Local Rule 7.1(B)(4)(a) states: "A memorandum in support of and in response to a motion must be double-spaced and must not exceed 15 pages in length . . . ."  Civil LR 7.1(B)(4)(a).  Brown's motion spans 38 pages, exclusive of the prayer for relief, signature, and certificate of service.  *See generally* Emergency Mot.

Second, this case is stayed pending resolution of the Divorce Proceeding in state court. *See generally* Sep. 24, 2024 Order.  Brown has been required to file status reports to appraise the Court of the status of the divorce proceeding, but the Court has stated that "such a status report [should] address only whether the Divorce Proceeding ha[s] been finalized because the Court's rationale for abstention was tied directly to that proceeding's pendency."  Jan. 4, 2025 Text Order.  So long as the case remains stayed, Brown's motion is therefore improper.  *See Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prods., Inc.*, No. 10-641-NHR-DGW, 2014 WL 12753788 (S.D. Ill. June 30, 2014) ("[R]esolution of motions to dismiss is not proper until the stay is lifted . . . .").  Even if construed as a motion to lift the stay, Brown's motion would be denied because the Divorce Proceeding remains ongoing in state court.  *See* 2020D36, Hancock County, IL, https://www.judici.com/courts/cases/case_history.jsp?court=IL034015J&

4

ocl=IL034015J,2020D36,IL034015JL2020D36O1 (last visited July 1, 2026).  If, as Brown

anticipates in her latest status report, her divorce is never finalized, *see* Mar. 8, 2026 Status

Report, ECF No. 116, then she can file a motion to lift the stay when the state court proceeding is

terminated without finalization of the divorce.

Even if the Court were to consider the merits, it would deny Brown's motion.  The

motion is so sprawling that the claims are difficult to decipher.  Piecing together her argument, it

seems that Brown alleges the existence of a vast criminal enterprise involving all of the federal

and state judges overseeing her cases, as well as the attorneys in those cases, aimed at depriving

Brown of her rights.  Alleged acts flowing from the conspiracy include fraud by Phillips, who

misinformed Brown about her rights under the Illinois Uniform Arbitration Act, *see* Emergency

Mot. 16, insidious judicial action when Magistrate Judge Hanna struck Brown's response, *id.* at

2, and the failure of Auto-Owners to renew Brown's insurance coverage, *id.* at 28.  Brown

reasons that this "fraud upon the court," *id.* at 1, has deprived the Court of subject matter

jurisdiction and requires transfer of the case to a different venue so that Brown's case can be

overseen by judges free of local corruption, *see id.* at 38.

Assuming this understanding of Brown's allegations is correct, her motion is essentially

absurd.  To name a few of the many reasons that Brown's motion has no merit: (1) if the Court

lacked subject matter jurisdiction, the appropriate action would be to dismiss this case without

prejudice, not to transfer it to a different venue; (2) the allegations about a conspiracy in state

court goes to the merits of Brown's case, and they therefore cannot rationally support Brown's

request for a lack of justiciability; (3) Brown provides no evidence of any sort that, if her

allegations of a conspiracy in state court are accurate, the federal judges overseeing this case are

party to the conspiracy; (4) Judge Hanna properly struck Brown's 200-page "Investigative

Reports and Plaintiff's Response to Christina Phillips' Motion to Withdraw as Counsel of Record" for the reasons cited in his text order, *see* Jan. 23, 2026 Text Order, *Brown v. Auto Owners Ins. Co.*, No. 4:24-cv-04131-SLD-RLH (C.D. Ill. Jan. 23, 2026); and (5) Brown appears to be motivated by disagreement with the Court's rulings, *see, e.g.*, Emergency Mot. 12–13, but it goes without saying adverse judicial decisions do not constitute racketeering or conspiracy.

**CONCLUSION**

Accordingly, the Court STRIKES Plaintiff Brenda Brown's Emergency Motion to Vacate Orders, Dismiss for Lack of Subject Matter Jurisdiction, and Transfer Venue Due to Fraud Upon the Court, ECF No. 112.  The Clerk is DIRECTED to strike this filing on the docket.  This case remains stayed.  Brown is DIRECTED to file a status report by September 30, 2026, addressing only (1) whether the Divorce Proceeding has been finalized; and (2) whether Brown has filed a notice of appeal regarding the Divorce Proceeding in state court.  Failure to provide such a status report will result in the dismissal of this case for failure to prosecute.

Entered this 10th day of July, 2026.

s/ Sara Darrow<br>SARA DARROW<br>UNITED STATES DISTRICT JUDGE